## WHITNEY *v.* OLMSTEAD.

Exceptions must be taken at the time, to a refusal of the court to charge the jury as requested, and the fact of the refusal, and the exceptions thereto, must plainly appear from the record.

A party will not be permitted to assign for error in the appellate court, the refusal of the district court to charge the jury as requested, if the fact of such refusal, and his exception thereto, only appears by the motion for a new trial in the court below.

Where the evidence in a cause is not set forth in the record, the appellate court cannot determine as to the sufficiency of the evidence to sustain the verdict.

In the absence of any positive showing to the contrary, the action of the district court is presumed to have been correct.

*Appeal from the Clayton District Court.*

TUESDAY, DECEMBER 22.

This was an action commenced before a justice of the peace, to recover damages, alleged to have been committed by defendant's cattle upon the corn and other grain of plaintiff, and for work and labor performed, goods sold and delivered, &c. On a trial in the district court, there was a verdict for the plaintiff for five dollars damages, for the injury done by the cattle, and in favor of the defendant on the other items of the claim. Defendant moved for a new trial, on the ground of the refusal of the court to charge the jury, as requested by him. This motion was overruled, and defendant excepted. It is now assigned for error in this court :

1. That the district court erred in refusing to give said instructions.

2. In refusing to order a new trial.

*Elijah Odell*, for the appellant.

No appearance for the appellee.

STOCKTON, J.—The record in this cause does not show that defendant excepted, at the time, to the refusal of the court to give the instructions asked. The motion for a new trial was based upon the refusal of the court to give the instructions; but it is only from this motion, as contained in the record, that we learn what instructions were asked, and that they were refused. This court has heretofore held, that exceptions must be taken, at the time, to a refusal of the court to charge the jury, as requested; and that the fact of a refusal, and the exception thereto, must plainly appear from the record. *Rawlins* v. *Tucker*, 3 Iowa, 213; *Talty* v. *Lusk*, 4 Ib. 469. The party will not be permitted to assign for error in this court, the refusal of the district court to charge the jury, as requested, if the fact of such refusal, and of his exception thereto, only appear by the motion for a new trial.

Upon the second head of the assignment of errors, in relation to the refusal of a new trial, as no portion of the evidence given to the jury, is set forth in the record, we are not able to judge whether or not it was sufficient to sustain the verdict; and the action of the district court, in the absence of any positive showing to the contrary, is presumed to have been correct.

Judgment affirmed.